**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IDEALEASE SERVICES, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| QUALITY DISCOUNT ICE CREAM DISTRIBUTORS, INC. | ) **COMPLAINT FOR BREACH OF CONTRACT** |
| Defendants. | ) |

Plaintiff IDEALEASE SERVICES, INC. (hereinafter "Idealease"), for its Complaint against Defendant QUALITY DISCOUNT ICE CREAM DISTRIBUTORS, INC. (hereinafter "QDIC"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action for breach of contract by Idealease against QDIC for QDIC's breach of a Vehicle Lease and Service Agreement (hereinafter "the Lease") and, more specifically, its failure to make the lease payments required therein and the resulting charges and damages. *A true and correct copy of the Vehicle Lease and Service Agreement is attached hereto as Exhibit A*. In order to mitigate its damages, Idealease repossessed the vehicles that were the subject of the Lease and was able to sell those vehicles, but was not able to offset the value of the vehicles, charges, fees, and interest owed by QDIC under the Lease. QDIC is thus indebted to Idealease in an amount in excess of $356,000.00 plus pre and post-judgment interest and attorneys' fees.

**PARTIES**

2. Plaintiff Idealease Services, Inc., is an Illinois corporation with its principal place of business in North Barrington, Illinois.

3. Defendant Quality Discount Ice Cream Distributors, Inc. is a California corporation with its principal place of business in Vista, California.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, based on diversity of citizenship because the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

5. This Court has personal jurisdiction over QDIC pursuant to 28 U.S.C. § 1391 because QDIC has breached obligations to Idealease in this district and because QDIC has consented and subjected itself to the jurisdiction of the United States District Court for the Northern District of Illinois in Section 15 of the Lease. *Exhibit A at §15*.

6. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to the forum selection clause in the Lease and in effect between the parties, under which QDIC consented to jurisdiction and venue in the United States District Court for the Northern District of Illinois. *Exhibit A at §15*.

**COUNT I**
**BREACH OF CONTRACT**

7. Idealease realleges and reincorporates, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 6 above, as if fully set forth herein.

8. On or about October 29, 2014, QDIC entered into the Lease with Idealease, pursuant to which Idealease leased certain vehicles to QDIC. *Exhibit A*.

9. Idealease and QDIC further executed schedules to the Lease specifying the leased vehicles and the terms of the Lease for each such vehicle. *See Schedules No. 15-0206-11500/11900, 15-0212-11500/11500, and 14-1029-11500/11500 (collectively, "the Schedules"), true and correct copies of which are attached hereto as Group Exhibit B.*

10. Pursuant to the Lease and the Schedules, QDIC leased twelve (12) vehicles, and agreed to make monthly lease payments for a term of seventy-two (72) months. *Exhibits A & B.*

11. Pursuant to the Lease and the Schedules, Idealease agreed to provide the twelve (12) vehicles to QDIC, as well as corresponding parts and services as set forth in the Lease. *Exhibits A & B.*

12. Idealease met all of its obligations under the Lease.

13. QDIC breached the Lease and Schedules by failing to make the Lease payments, starting in September 2015, as required by the Lease terms.

14. QDIC has breached its obligations under the Lease and Schedules, and specifically defaulted under the Lease, pursuant to Section 11.D. thereof. *Exhibit A at §11.D.*

15. Based upon said breach and default, Idealease terminated the Lease pursuant to Section 11.C. thereof, and demanded that QDIC purchase the leased vehicles as required under Section 11.F. of the Lease. See *Exhibit A at §11.C. See also Correspondence dated November 17, 2015, a true and correct copy of which is attached hereto as Exhibit C.*

16. Specifically, Idealease demanded that QDIC remit payment for the purchase of the vehicles by November 27, 2015 at the then depreciated value of $1,415,031.32, plus any unpaid charges due to Idealease. *Exhibit C.*

17. Idealease gave QDIC adequate notice of its breach and the opportunity to cure the breach.

3

18. QDIC did not respond to Idealease's demand.

19. Because QDIC failed to purchase the leased vehicles as obligated by the Lease, Idealease exercised its option under the Lease and sold the vehicles to another entity.

20. In March 2016, Idealease sold the vehicles for a net purchase price after expenses of $1,134,246.35, recognizing a loss of $280,784.96.

21. On March 29, 2016, counsel for Idealease again demanded payment from QDIC of the post-sale amounts owed and corresponding fees and charges, at that time totaling $355,168.94. *See Correspondence dated March 29, 2016, a true and correct copy of which is attached hereto as Exhibit D*.

22. In addition to the lease payments and charges, QDIC is also responsible for interest at the rate of eighteen percent (18%) per annum compounded daily and all costs and expenses, including reasonable attorneys' fees, incurred in collecting amounts due from QDIC or enforcing any rights of Idealease under the Lease. *Exhibit A at § 7.A*.

23. Idealease has been damaged in that it has not been paid the required Lease payments, including interest; it has incurred costs and expenses in pursuing QDIC's compliance with the Lease; it has incurred costs and expenses, including attorney's fees, in its attempts to enforce its rights under the Lease and in bringing this Complaint; and has not recouped the full value of the vehicles through resale.

24. Due to its breach of the Lease, QDIC currently owes Idealease charges, fees, and lost value of $350,177.25, plus further attorney's fees for the bringing of this action and accruing interest at eighteen percent (18%) as of November 1, 2015. *Exhibit A at § 7.A*.

Case: 1:16-cv-05047 Document #: 1 Filed: 05/06/16 Page 5 of 5 PageID #:5

**PRAYER FOR RELIEF**

WHEREFORE, Idealease respectfully requests that this Court enter judgment in its favor and against defendant QDIC as follows:

a. Judgment in Idealease's favor on all claims herein;

b. An award of damages in the amount of not less than $356,285.63, which includes interest calculated through May 5, 2015, until such sum is paid in full;

c. An award of reasonable attorneys fees, collection and court costs incurred in enforcing its right under the Lease Agreement and the bringing of this action; and

d. An award of pre and post-judgment interest; and

e. Any such other and further relief as the Court deems just and proper.

Dated: May 6, 2016                    Respectfully submitted,

                                                By: /s/    *Todd M. Murphy*
                                                GORDON & REES LLP
                                                Todd M. Murphy
                                                Kathleen A. Murphy
                                                One North Franklin, Suite 800
                                                Chicago IL, 60606
                                                Phone: (312) 565-1400
                                                Fax: (312) 565-6511
                        *Attorneys for Plaintiff Idealease, Inc., d/b/a Idealease Services, Inc.*

**PRAYER FOR RELIEF**

WHEREFORE, Idealease respectfully requests that this Court enter judgment in its favor and against defendant QDIC as follows:

a. Judgment in Idealease's favor on all claims herein;

b. An award of damages in the amount of not less than $356,285.63, which includes interest calculated through May 5, 2015, until such sum is paid in full;

c. An award of reasonable attorneys fees, collection and court costs incurred in enforcing its right under the Lease Agreement and the bringing of this action; and

d. An award of pre and post-judgment interest; and

e. Any such other and further relief as the Court deems just and proper.

Dated: May 6, 2016

Respectfully submitted,

By: /s/    *Todd M. Murphy*
GORDON & REES LLP
Todd M. Murphy
Kathleen A. Murphy
One North Franklin, Suite 800
Chicago IL, 60606
Phone: (312) 565-1400
Fax: (312) 565-6511
*Attorneys for Plaintiff Idealease, Inc., d/b/a Idealease Services, Inc.*